IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Matthew Gilliard, | ) | Case No. 1:19-cv-02112-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections, Dennis Bush, Larry Cartledge, Michael Stephan, Greg Washington, Captain Christine Livingston, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant Captain Christine Livingston's motion for summary judgment and Defendants South Carolina Department of Corrections ("SCDC"), Dennis Bush, Larry Cartledge, Michael Stephan, and Greg Washington's (collectively, "the Warden Defendants") motion for summary judgment. ECF Nos. 23, 24. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On February 28, 2020, the Magistrate Judge issued a Report recommending that Livingston's motion be granted and that the Warden Defendants' motion be granted in part and the remainder of the case be remanded. ECF No. 38. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they

failed to do so. Plaintiff filed objections, and the Warden Defendants filed a reply. ECF Nos. 39, 42.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

Plaintiff brings the present action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference. As stated above, the Magistrate Judge recommends that Livingston's motion be granted

2

and that the Warden Defendants' motion be granted in part and the remaining claims be remanded.[1]

***Eleventh Amendment Immunity***

The Magistrate Judge recommends that the Court grant the Warden Defendants' motion for summary judgment as to Plaintiff's federal claims Defendant SCDC pursuant to the Eleventh Amendment. She further recommends that this portion of the motion should be denied with respect to Plaintiff's state law claims against SCDC. No party filed objections to this recommendation. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, the Court adopts this portion of the Report and Recommendation and grants the Warden Defendants' motion for summary judgment as to Plaintiff's § 1983 claims against Defendant SCDC.[2] However, the Eleventh Amendment does not bar Plaintiff's state law claims against SCDC.

---

[1] The Magistrate Judge states that because the merits of Plaintiff's claims are dispositive of the issues in this case, she declines to address arguments regarding exhaustion of administrative remedies. ECF No. 38 at 3 n.2. No party has objected to this decision; accordingly, the undersigned also declines to address the parties' arguments as to whether Plaintiff exhausted his administrative remedies.

[2] As noted by the Magistrate Judge, the parties did not specifically address Plaintiff's claim for injunctive relief against SCDC. She determined that this claim is also barred by the Eleventh Amendment. No party has filed objections to this recommendation. Upon review for clear error, the Court adopts the recommendation of the Magistrate Judge as to Plaintiff's claim for injunctive relief against SCDC.

**Constitutional Claims**

*Fifth and Fourteenth Amendment Claims*

The Magistrate Judge recommends granting summary judgment as to Plaintiff's claims that Bush, Stephan, Cartledge, Washington, and Livingston violated his Fifth and Fourteenth Amendment rights because his deliberate indifference and failure to protect claims are properly brought pursuant to the Eighth Amendment. Further, the Magistrate Judge notes that Plaintiff makes no independent allegation that his Fifth and Fourteenth Amendment due process rights were violated. No party has filed a specific objection to this recommendation.[3] Accordingly, the Court has reviewed this portion of the Report for clear error in light of the record and applicable law. Finding none, the Court agrees with the recommendation of the Magistrate Judge. Summary judgment is granted as to Plaintiff's claims pursuant to the Fifth and Fourteenth Amendment against Bush, Stephan, Cartledge, Washington, and Livingston.

*Eighth Amendment Claims*

*Defendant Livingston*

The Magistrate Judge recommends granting Livingston's motion for summary judgment as to Plaintiff's claim that she violated his constitutional rights by "intentionally taking actions or omissions to further the activities of a gang inside SCDC, without regard

---

[3] In his objections, Plaintiff generally states that "Defendant Warden Bush should not be dismissed as a Defendant in this action." ECF No. 39 at 6. Upon review of Plaintiff's objections as a whole, it appears that he is not objecting to the dismissal of his Fifth and Fourteenth Amendment claims against Bush or any other Defendant. Accordingly, the Court has not conducted a de novo review of this section of the Report.

4

to the danger in which that placed" Plaintiff. ECF No. 38 at 34. No party has objected to this portion of the Report.[4] Accordingly, the Court has reviewed this portion of the Report, the record, and the applicable law for clear error. Finding none, the Court adopts the recommendation of the Magistrate Judge. Livingston's motion for summary judgment is granted.

*Defendants Bush, Stephan, Cartledge, and Washington*

The Magistrate Judge recommends granting the Warden Defendants' motion for summary judgment with respect to Plaintiff's claims for deliberate indifference and failure to implement appropriate policies, customs, and practices against Bush, Stephan, Cartledge, and Washington. ECF No. 38 at 36–44. To the extent Plaintiff intends to assert a claim for deliberate indifference to serious medical needs against these Defendants, the Magistrate Judge recommends finding that Plaintiff fails to establish a genuine issue of material fact. *Id.*

---

[4] The Court will briefly address the content of Plaintiff's objections. In the beginning of the objections, Plaintiff states that he "objects to the Magistrate Judge's Report and Recommendation the Court grant both [23] and [24] Motions for Summary Judgment on failure to exhaust administrative remedies and remand the Plaintiff's state law claims to Richland County." ECF No. 39 at 1. Throughout the objections, Plaintiff mainly references Bush but occasionally refers to "Defendants" without further clarification. Therefore, reading certain portions of his objections in isolation, it can appear that Plaintiff objects to the Magistrate Judge's recommendation as to all Defendants. Upon review of the entirety of his objections, the Court finds that Plaintiff only objects to the recommendation as to his Eight Amendment claims against Bush. *See* ECF No. 39 at 6 ("Defendant Warden Bush should not be dismissed as a Defendant in this action and Plaintiff Gilliard's federal claim under Section 1983 should be allowed to proceed against him."). Moreover, the Court finds that any objection Plaintiff intended to bring as to any other Defendant is insufficiently specific.

Plaintiff only objects to the recommendation as to Bush. No other party has objected to this portion of the Report. Accordingly, the Court has reviewed the Report for clear error as to Stephan, Cartledge, and Washington. Finding none, the Court adopts the recommendation of the Magistrate Judge and grants the Warden Defendants' motion for summary judgment with respect to Plaintiff's federal claims against Stephan, Cartledge, and Washington.[5]

Bush was the warden at Broad River Correctional Institution ("Broad River") at the time Plaintiff was attacked by fellow inmates on March 11, 2017.[6] The Magistrate Judge recommends granting the motion for summary judgment as to the Eighth Amendment claims against Bush because there is no direct or circumstantial evidence that would support finding he had the subjective actual knowledge required to support a § 1983 failure to protect claim. ECF No. 38 at 36–44. She further recommends granting summary judgment as to Plaintiff's claim for supervisory liability because he failed to offer any evidence that Bush knew that a subordinate "was engaged in conduct that posed a

---

[5] As mentioned above, Plaintiff generally objects to the dismissal of the § 1983 claims against Bush. Upon review, it appears to the Court that Plaintiff is not challenging the recommendation that summary judgment be granted as to Bush with respect to any claim for deliberate indifference to serious medical needs. The Court has reviewed this portion of the Report for clear error; finding none, the Court adopts this portion of the Report and grants summary judgment with respect to Plaintiff's claim for deliberate indifference to serious medical needs as to Bush.

[6] The record shows that Bush was the warden at Broad River from October 17, 2016, through November 1, 2017. ECF Nos. 24-9 at 2; 24-11 at 3.

pervasive and unreasonable risk of constitutional injury." *Id.* at 45 (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Plaintiff objects[7] and argues that Bush failed to take any steps to prevent inmates and employees from violating SCDC policies and procedures put in place to protect inmates from gang violence. ECF No. 39 at 2. He contends that there was a pattern, practice, and custom of violence at SCDC at the time of the incident; that Bush's failure to require staff to follow SCDC procedures posed a substantial risk to inmate safety; and that Bush was consciously indifferent to that risk.[8] *Id.* at 3. Plaintiff points to the seven original plaintiffs in this action, who all suffered injuries resulting from prison violence, as evidence of a pattern, practice, and custom. Plaintiff also points to the fact that more than 160 civil cases have been filed against SCDC since 2015 with respect to violence within SCDC as reported in an article from *USA Today*. Plaintiff contends that, as warden, Bush

---

[7] Plaintiff also generally "relies on the arguments contained in his Memorandum in Opposition to Defendant SCDC's Motion for Summary Judgment regarding the failure of the warden to take even the most basic steps to protect inmates from physical assault by other inmates . . . ." ECF No. 39 at 2. While the Court has conducted a de novo review of the allegations against Bush, the undersigned will only address Plaintiff's specific objections.

[8] In this section of his objections, Plaintiff states that "Defendants Warden Cartledge and Bush, had, and either actual or constructive knowledge of these failures but was consciously indifferent to the risk posed by the conduct and the injuries that have already been suffered by many inmates." ECF No. 39 at 3. The Court previously stated that it construes Plaintiff's objections as being brought only as to Bush. To the extent that Plaintiff intends to object to the recommendation as to Cartledge here, the Court adopts and incorporates the Magistrate Judge's discussion regarding Cartledge's dates of employment and her conclusion he could not have had personal involvement in the alleged depravation of Plaintiff's rights. *See* ECF No. 38 at 37–38.

7

would have been made aware of every serious inmate assault.  Finally, Plaintiff reiterates Warden Cartledge's deposition testimony quoted in his memoranda and the information contained in the Roth Report[9] in support of his argument.

As explained in detail by the Magistrate Judge, Plaintiff fails to establish that there exists a genuine issue of material fact that Bush had been exposed to information concerning the risk of harm to inmates at Broad River and, accordingly, must have known about it.  With respect to Plaintiff's argument that the allegations of the original plaintiffs to this action support his claim, the Magistrate Judge explained that Plaintiff's March 11, 2017, incident occurred last out of the seven incidents alleged in the Amended Complaint. ECF No. 38 at 20.  She further explained that the allegations in the Amended Complaint are the only evidence in the record that document altercations at Broad River prior to March 11, 2017.  There is no evidence that any of these incidents were the result of inmate-on-inmate assaults at Broad River such as incident reports, grievances, or management information notes.[10]  This is insufficient to create a genuine issue of material fact that Bush was deliberately indifferent to Plaintiff's safety.

As to the information in the Roth Report and the *USA Today* article, there is no evidence in the record suggesting that Bush had been exposed to the information contained in these documents and, therefore, "must have known" about it.  *See Farmer*

---

[9] The Magistrate Judge provides a thorough summary of the origins and content of the Roth Report.  *See* ECF No. 38 at 15–18.

[10] Plaintiff also fails to explain how the fact that Bush would have been made aware of every serious assault, without any detail or further information, amounts to evidence that he was deliberately indifferent to his safety.

*v. Brennan*, 511 U.S. 825, 842 (1994).  With respect to his reliance on Cartledge's deposition, Plaintiff has failed to demonstrate that Cartledge's experiences and observations can be imputed to any other Defendant.  Cartledge does not testify as to what any other Defendant experienced at Broad River, and his employment at Broad River ended more than five months before the March 11, 2017, incident.

Moreover, as explained by the Magistrate Judge, Plaintiff failed to offer any evidence that Bush knew that a "subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury."  *Shaw*, 13 F.3d at 799 (internal citation omitted).  He also fails to establish that Bush engaged in continued inaction "in the face of documented widespread abuses."  *See Toomer v. Baltimore City Det. Ctr.*, C/A No. DKC 12-0083, 2014 WL 4678712, at *5 (D. Md. Sept. 18, 2014) ("In the context of a failure to protect claim premised on supervisory liability, Plaintiff 'assumes a heavy burden of proof,' as he 'not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices.'" (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984))).  To the extent Plaintiff alleges a § 1983 claim for failure to train, this claim must also fail because there is no evidence that Bush was responsible for training the correctional officers at Broad River.  Accordingly, summary judgment is granted as to Plaintiff's claims against Bush.

*State Law Claims*

The Magistrate Judge recommends declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against SCDC in light of her recommendations that summary judgment be granted with respect to Plaintiff's federal claims. As previously noted, Plaintiff objects to the recommendation that his federal claims against Bush be dismissed and states that "[t]herefore, the Court should also exercise supplemental jurisdiction over Plaintiff Gilliard's state law claims against SCDC." ECF No. 39 at 6.

In making its determination, the Court has considered "convenience and fairness to the parties, the existence of underlying issues of federal policies, comity, and considerations of judicial economy." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court finds that there are no remaining underlying issues of federal policy and judicial economy will not be served by keeping this action in federal court. Accordingly, the Court adopts the recommendation of the Magistrate Judge and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3)–(4).

## CONCLUSION

Based on the foregoing, the Court adopts the recommendation of the Magistrate Judge. Livingston's motion for summary judgment [23] is **GRANTED**. The Warden Defendants' motion for summary judgment [24] is **GRANTED in part** as to Plaintiff's federal claims against Defendants Bush, Cartledge, Washington, and Stephan. Plaintiff's state law claims against SCDC are **REMANDED** to the Court of Common Pleas for

Richland County, South Carolina.  A new case number will be needed for this Plaintiff in state court because his claims have been severed from the original action.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

May 13, 2020  
Spartanburg, South Carolina

11